Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
PO Box F
Winters, CA 95694
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Defendant
Darryl Higginbotham

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CR-00214-KJM |
| Plaintiff, | |
| v. | **BAIL MOTION** |
| DARRYL HIGGINBOTHAM, | |
| Defendant. | |

Defendant, Darryl Higginbotham, respectfully requests that the Court calendar the above referenced matter for bail review on January 7, 2022 at 2 p.m. Mr. Higginbotham has a sizable bond package available.

Prior to being arrested Mr. Higginbotham had a good job and is able to return to work upon being released from custody.

**BACKGROUND**

Mr. Higginbotham made his initial appearance on July 9, 2021, in this district before United States Magistrate Judge Allison Claire. The defense submitted on the matter of detention. At that time, Mr. Higginbotham was ordered detained. (Dkt. 12).

//

## MEMORANDUM OF POINTS AND AUTHORITIES

The legal mechanisms for Mr. Higginbotham to be released are in two separate provisions of the Bail Reform Act. The first is 18 U.S.C. § 3142(i) relating to compelling reasons for release, which can be utilized to address both COVID-19 health threats as well as releases on the basis of unmet medical needs. The second is the more familiar detention/release analysis consisting of reopening detention based on new material information that alleviates flight risk and danger, allowing Mr. Higginbotham to be released on conditions. (18 U.S.C. §§ 3142(f)(e) and (g)).

### I.   THE BAIL REFORM ACT REQUIRES MR. HIGGINBOTHAM'S RELEASE

Under 18 U.S.C. 3142(f)(2), a detention hearing can be reopened after the initial determination of the court, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The new circumstances discussed above entitle Mr. Higginbotham to release. A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The circumstances that existed when Mr. Higginbotham was ordered detained now have dramatically changed given the sizable secured bond package he now presents to this court.

The Bail Reform Act provides a clear path forward. As an initial matter, the Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, *as reprinted in* 1984 U.S.C.CA.N. 3182, 3189); *see United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4(1951). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See     United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986)

(discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), *cert. dismissed sub nom.*, *Melendez-Carrion v. United States*, 479 S. 978.

## II.     Release Under 18 U.S.C. § 3142(i) Is Authorized Even Where a Defendant Meets the Statutory Requirements for Detention un 18 U.S.C. §3142(e)

18 U.S.C. § 3142(i) authorizes temporary release "to the extent the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason**.** (18 U.S.C. § 3142(i)). Release for a "compelling reason" is permissible *even if* the defendant is a flight risk or a danger to the community. This provision, allowing release in spite of flight risk and/or danger, is exactly what allows Courts the power to be adapting in their response to something unforeseen and of great consequence. It is what grants the Courts the power to release, at times such as during a global pandemic, persons who can protect themselves to save lives.

## III.     BOND PACKAGE NOW AVAILABLE

Mr. Higginbotham is willing to post bond secured by approximately $320,000, the equity in a home he owns in Woodland.  His wife is willing to post an additional unsecured bond. This protects public safety and makes clear Mr. Higginbotham is not a flight risk.

An employment opportunity is available for Mr. Higginbotham.  He has lived in Nevada for many years and is able to return to his residence upon release

Mr. Higginbotham is more than willing to be placed on the most stringent of supervision conditions so that the Court can be assured he is not a flight risk/danger to the community.

### CONCLUSION

Mr. Higginbotham presents a significant secured bond package as well as an individual willing to sign an unsecured bond on his behalf.  The Bail Reform Act requires he be released.

DATED:  December 24, 2021

/s/ Kresta Daly
Kresta Daly
Attorney for Darryl Higginbotham

BARTH DALY LLP
ATTORNEYS AT LAW
DAVIS, CALIFORNIA