Philip Cozens, State Bar Number 84051
Attorney at Law
1007 Seventh Street, Suite 208
Sacramento, CA   95814

Telephone: (916) 443-1504

Email: pcozens@aol.com

Attorney for Defendant Darrell Higginbotham

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:19-CR-00214 |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION TO SET TERMS OF PRE-TRIAL RELEASE PURSUANT TO 18 USC 3141 ET SEQ. OR IN THE ALTERNATIVE, REVIEW OF THE EXISTING DETENTION ORDER PURSUANT TO 18 USC 3145(b) |
| v. | |
| DARRELL HIGGINBOTHAM, | |
| Defendant. | |
|  | Date: June 2, 2022 |
|  | Time: 2:00 p.m. |
|  | Courtroom: |

**INTRODUCTION**

Defendant seeks an order from the court releasing him pre-trial to his house at 176 Sixth Street, Fernley Nevada 89408 to be supervised by Pre-Trial Services.  While Defendant is charged with two counts of being an ex-felon in possession of firearms and there are twenty-five firearms listed in the indictment, Defendant will present to the court circumstances that will assure the court that the community will be safe and that Defendant will appear for trial.

**STATEMENT OF FACTS**

The United States Attorney charged Defendant by indictment with two counts of being an ex-felon in possession of a firearm: Count 1) possession of a single firearm in a truck; and Count 2, possession of twenty-four firearms in a storage space in Yuba.

According to the police reports supplied by the Government in Discovery, on February 28, 2019, at 10:45 p.m., Yuba Sheriff's Deputies responded to a call for service in a home in a rural area of Yuba County. After Yuba Deputies responded, the husband of the reporting party pointed Defendant out to the deputy as a person who shook the reporting party's front door and disturbed the reporting party.

A Yuba Deputy drove to Defendant and called Defendant to the Deputy's patrol car. The Deputy noted that when Defendant walked across a muddy area that Defendant had folding knives in Defendant's jacket. When Defendant arrived at the Deputy's patrol car, the Deputy told Defendant that the Deputy intended to pat Defendant down for weapons and to place Defendant's hands on top of his head. Defendant told the Deputy that he did not want to be patted down. However, the Deputy insisted there would be a pat down. Defendant told the Deputy that Defendant had just put on his father's jacket and there was a firearm in the pocket. The Deputy handcuffed Defendant and then seized the handgun. The Deputy arrested Defendant for being an ex-felon with a handgun. The Deputy also seized 4.2 grams of methamphetamine from Defendant. The Deputy seized twelve firearms from the pick-up truck where Defendant had been a passenger. The Deputy transported Defendant to the Yuba County Jail.

At the Yuba County Jail, the Deputy began an investigative conversation with Defendant regarding Defendant's presence in the area. In response to the Yuba Deputy's questions, Defendant informed the Yuba Deputy that Defendant lived in Nevada, but travelled to California for employment; that Defendant and Defendant's father drove from Nevada during the afternoon with the father driving; that he and his father were staying at Monte Robert's that Defendant knocked on a trailer door where he believed that he had been invited to stay, but it turned out that Defendant misperceived that mobile home and, after speaking to the owner, ascertained that it was not his friend's residence.

The Yuba Deputy asked if Defendant had previously used a drug or narcotic. Defendant answered that he previously used methamphetamine that day. However, the Yuba

Deputy saw no outward manifestation that Defendant was under the influence of methamphetamine or any other narcotic. Defendant had a firearm in his pocket. The Yuba Deputy Sheriff arrested Defendant for being armed in public and later changed the charge to ex-felon in possession of a firearm.

After Defendant bailed from Yuba County Jail, Yuba Deputies received information that Defendant visited Erie Road Self Storage, 5600 Lindhurst Avenue, Marysville. The information consisted of a copy of Defendant's California Driver's License; a list of dates that Defendant's unique entrance code for entry into Erie Road Self Storage (February 21, 23, 25, 28 and March 1); video footage showing Defendant's father's Nissan Titan entering the Erie Road Storage facility. Yuba Sheriff's Deputies authored a search warrant application and submitted such application to Yuba Superior Court Judge O'Connor. Judge O'Connor signed the search warrant on March 2, 2019 at 12:10 a.m.

Yuba Sheriff's Deputies searched Defendant's storage unit beginning at 12:52 a.m. Inside the storage unit, the Yuba Sheriff's Deputies encountered several gun safes. There was no indication that Defendant had the combination to the gun safes or the ability to open the gun safes. Yuba Sheriff's Deputies opened the gun safe.

Yuba Sheriff's Deputies seized twenty-four firearms, some loaded and some unloaded; several loaded large volume magazines; bags for carrying firearms; five green ammunition cans; and assorted firearms parts.

On March 14, 2019, at 9:35 a.m., Truckee Police contacted Defendant in Truckee and arrested him for being an ex-felon in possession of firearms based on the March 2 search warrant. During the arrest, Truckee Police searched Defendant's person and automobile and found an additional firearm.

Yolo County District Attorney prosecuted Defendant in July, 2019. The Yolo County District Attorney alleged Defendant falsely imprisoned another. Defendant accepted a plea bargain to plead to a violation of Penal Code Sections 236 and 237—False Imprisonment— with a stipulated sentence of four years in state prison.

MOTION TO SET TERMS OF PRE-TRIAL RELEASE PURSUANT TO 18 USC 3141 OR REVIEW EXISTING DETENTION ORDER                                                                                                                              Page 3

After completing that four-year sentence in California, the United States Marshals picked up Defendant and transported him to Sacramento for this prosecution.

### STATEMENT OF FACTS

### PERSONAL INFORMATION REGARDING DEFENDANT

Defendant lives with Kathy Bond in Fernley, Nevada and if he were released by the court, he would prefer to return to Fernley.  Ms. Bond works for Tesla Motor Company and makes sufficient money to support her and Defendant, if Defendant were unemployed. However, Tesla is hiring in the Fernley area and Defendant could be hired in Fernley.  Ms. Bond reported to Defendant's attorney that employers are actively looking for prospective employees in Fernley.

Defendant would like in a household with Ms. Bond, her son who is 19 years old and her younger brother who is 21 years old.  Ms. Bond stated that there will be no firearms in the household.  She further stated that she would make sure that Defendant appeared in court as ordered by the court.

Defendant is willing to wear a GPS Unit and adhere to a curfew if required by the court. Defendant owns a house free and clear in Woodland.  Such house is valued by Zillow at $388,200.00.  Defendant is willing to encumber his house for the full value to the court.

### LAW AND ARGUMENT

### WHILE THERE IS AN ORDER FOR DETENTION IN THIS CASE, DEFENDANT HAS OVERCOME THAT PRESUMPTION WITH PARTICULAR FACTS ABOUT HIM PERSONALLY.

While reasonable bail is a right pursuant to Eighth Amendment to the United States Constitution, the judicial officer's determination of bail is regulated by **18 USC 3141 et seq.**

In determining the conditions of bail, the judicial officer shall take into consideration the information available regarding: 1) the nature and circumstances of the alleged crime or crimes, including whether the offense is a drug distribution offense; 2) the weight of the evidence against Defendant; 3) the personal information regarding Defendant including financial resources, length of time in the community, employment, past conduct, criminal

history and record of appearing at court hearings and whether, at the time of the alleged offense, Defendant was on probation or parole; and 4) the nature and seriousness of the danger Defendant would pose to any person or community if defendant were released on bail. **18 USC 3142(g).**

Alternatively, if there is a detention order in Defendant's case, then Defendant is seeking a review of such order pursuant to **18 USC 3145(b).**

As to the Defendant's appearance in state court for hearings and state trial, Defendant made every court appearance in his state case.

As to Defendant's dangerousness to the community and to others, all of the witnesses against Defendant are Yuba County Sheriff Deputies. There is no evidence that Defendant has access to any government witness. In this case, government witnesses are law enforcement personnel and not accessible for Defendant. Further, if the court releases Defendant to Fernley Nevada Defendant is about two hundred miles away from the witnesses. There really is no threat to government witnesses from Defendant. Defendant will not possess a firearm and there is no history of violence in Defendant's background against witnesses.

As to the community, Defendant is not a threat to any member of the community through acts of violence or terrorist threat.

## CONCLUSION

For the reasons set forth above, the court must find that Defendant has rebutted the Government 's contention that there are no conditions which would permit Defendant to be released, and, having made that determination, release Defendant to Pre-Trial Services on conditions articulated by the court.

Dated: May 23, 2022                    Respectfully submitted,


                                       /s/ Philip Cozens
                                       Philip Cozens
                                       Attorney for Defendant
                                       Darrell Higginbotham