UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Darrel Kieth Higginbotham,<br><br>                Defendant. | No. 2:19-cr-00214-KJM-1<br><br>ORDER |

        On March 13, 2023, defendant Darrel Higginbotham pled guilty to count 1 of the indictment, Mins. Change of Plea Hr'g, ECF No. 59, which charged him with possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearm), Indictment, ECF No. 5. A United States Probation Officer prepared a presentence investigative report for the court and computed a base offense level of 26 in part due to defendant's two prior felony convictions of a crime of violence: 1) Corporal Injury on a Spouse/Cohabitant in violation of California Penal Code section 273.5(a) and 2) False Imprisonment with Violence in violation of California Penal Code section 236. PSR ¶ 24, ECF No. 65 (filed under seal).

        Defendant filed a sentencing memorandum arguing, in relevant part, his prior conviction of false imprisonment is not a crime of violence. *See* Sent'g Mem. at 2, ECF No. 71. Therefore, he argues, defendant only has one prior conviction of a crime of violence resulting in a base

1  offense level of 20.  *See id.* 1–2.  The government has filed a response.  Resp., ECF No. 77.  The
2  court submitted the matter.  *See* Mins. Revocation Hr'g/Status Conf., ECF No. 81.

3  **I.    DISCUSSION**

4  "False imprisonment is the unlawful violation of the personal liberty of another."  Cal.
5  Penal Code § 236.  False imprisonment "effected by violence, menace, fraud, or deceit" is a
6  felony.  *Id.* § 237(a); *see United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217 n.5 (9th
7  Cir. 2005).  A crime of violence is "any offense under federal or state law, punishable by
8  imprisonment for a term exceeding one year, that [] has as an element the use, attempted use, or
9  threatened use of physical force against the person of another[.]"  U.S.S.G. § 4B1.2(a)(1).
10 Because the "California false imprisonment statute reaches both conduct that constitutes a crime
11 of violence and conduct that does not," the court uses a "modified categorical approach to
12 examine documentation or judicially noticeable facts that clearly establish that [a] conviction is a
13 predicate conviction for enhancement purposes, such as the indictment, the judgment of
14 conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings."
15 *Hernandez-Hernandez*, 431 F.3d at 1217 (citations, alterations and quotations omitted).

16 Defendant argues his prior state conviction of false imprisonment is not a crime of
17 violence.  Sent'g Mem. at 11.[1]  He argues "there is no agreed factual basis" for the entry of his no
18 contest plea and thus the court has no information to conclude he committed a crime of violence.
19 *Id.* at 11–12.  In support, he argues he crossed out the statement in his written plea agreement
20 "that the court could consider the facts from the preliminary hearing, police reports and other
21 sources," and his counsel at the time represented defendant "always vehemently denied that he
22 used force against the alleged victim of the false imprisonment."  *Id.* at 11.

23 The record contradicts defendant's assertions in material respects as relevant here.
24 Defendant specifically pled no contest to violating "Sections 236 and 237(a) of the Penal Code,
25 false imprisonment with force and violence."  No Contest Plea Hr'g Tr. 7:4–8, Cozens Decl.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system unless otherwise noted.

Ex. 1, ECF No. 71-1.[2]  Defendant confirmed he understood the court was proceeding as if his no contest plea were a guilty plea. *Id.* 7:9–11.

Defendant did cross out the following phrase in his plea agreement: "The Court may take facts from probation reports, police reports or other sources to determine the factual basis for this plea." Plea Agreement, Cozens Decl. Ex. 2, ECF No. 71-1.  However, defendant agreed there was a factual basis for his plea, *id.*, and his counsel explicitly agreed the preliminary hearing record provided the factual basis to support the false imprisonment charge, No Contest Plea Hr'g Tr. 8:2–12.  The state prosecutor also pointed to the preliminary hearing record as "contain[ing] a factual basis," *id.* 7:24–26, and the state court accepted a factual basis to support the charge based on both parties' representations, *id.* 7:24–8:18.  Because defendant agreed the preliminary hearing record contained a factual basis for his no contest plea, the court may consider the hearing record in determining whether defendant was convicted of a crime of violence.  *See, e.g.*, *United States v. Arciniega-Meda*, No. 11-00145, 2011 WL 6091758, at *7 (D. Idaho Dec. 7, 2011) (considering facts established in preliminary hearing because defendant stipulated the facts from that hearing made up basis for charge).

"When a defendant stipulates during his plea colloquy that a police report, probation report or similar document contains the factual basis for his plea, the court may also examine the incorporated document." *United States v. Ramos-Medina*, 706 F.3d 932, 939–40 (9th Cir. 2013); *see also Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) ("[B]y explicitly incorporating the CDPC [Certification for Determination of Probable Cause] into his guilty plea, [defendant] in context admitted the facts in the CDPC and rendered it judicially noticeable for the purpose of applying the modified categorical approach.").  While in *United States v. Dominguez*, the court found that the defendant's stipulation that some factual basis existed in a pre-plea probation report and preliminary hearing transcript could not be "construed as assent to particular facts alleged," *Dominguez* is distinguishable because the defendant's counsel in that case stated only that he would "stipulate there is a factual basis" and did not incorporate either the probation

---

[2] When citing reporter's transcripts, the court uses the page numbers listed on the transcript as opposed to those generated by the CM/ECF system.

3

report or the preliminary hearing transcript in his stipulation. *See* No. 12-879, 2013 WL 2237786, at *4 (C.D. Cal. May 20, 2013). Additionally, the court in that case noted defendant's no contest plea form did not show the box marked for identifying the preliminary hearing transcript as providing the factual basis, "further suggesting defendant's lack of assent to a factual basis set out in that transcript." *Id.* By contrast, in this case the record shows defendant specifically incorporated the preliminary hearing record in entering his no contest plea when he agreed that record contained a factual basis to support the false imprisonment charge.

Turning to the preliminary hearing record, evidence presented at that hearing shows defendant imprisoned the victim with force and violence. *See, e.g.*, Preliminary Hr'g Tr.[3] 12:9–13:13 (evidence defendant pushed victim down and put pillow over her face), 14:15–16:3 (evidence defendant hit victim's head with what she thought was a weapon), 17:11–22 (evidence defendant slapped victim), 21:23–23:18 (evidence of physical injury including blood). Although defendant's counsel in his state case noted defendant "has always denied that he struck the complaining witness with any form of weapon," No Contest Plea Hr'g Tr. 8:3–6, defendant was accepting the plea "on the realization that there's other evidence that a jury could still potentially convict him of a false imprisonment, even if they conclude he did not use any weapon," *id.* 8:6–9. Defendant did not deny the use of physical force against the victim that did not involve the use of a weapon. *See generally id.* As defendant's counsel noted, even if a jury concluded defendant did not use a weapon against the victim, other evidence could allow a jury to convict him of false imprisonment with force and violence.

In sum, defendant pled no contest in state court to false imprisonment with force and violence, which is a crime of violence. *See, e.g.*, *United States v. Chavez-Gonzalez*, 462 F. App'x 666, 669 (9th Cir. 2011) (unpublished) (accepting statements in plea colloquy as true); *Hernandez-Hernandez*, 431 F.3d at 1217–18 (court may rely on "statement of factual basis for the charge," signed plea agreements, plea transcripts and other documents); *Kepilino v. Gonzales*, 454 F.3d 1057, 1062 (9th Cir. 2006) (court considers "record of conviction").

---

[3] The government submitted the preliminary hearing transcript to the court electronically. *See* Request to Seal, ECF No. 79.

## II.     CONCLUSION

Defendant's objection to the probation officer's calculation of his base offense level based on a finding of two prior felony convictions of a crime of violence is **overruled**.

IT IS SO ORDERED.

DATED: March 12, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE